**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| MARY E. MOSS, on behalf of herself and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 09-4030-CV-C-NKL |
| CENTRAL UNITED LIFE INSURANCE COMPANY, | ) ) ) | JURY TRIAL REQUESTED |
| Defendant. | ) ) | |

## COMPLAINT

COMES NOW Plaintiff Mary E. Moss, by and through the undersigned counsel, on her own behalf and as a representative of a class of persons similarly situated, and for her causes of action against Defendant Central United Life Insurance Company, states and alleges as follows:

## PARTIES

1.  Plaintiff Mary Moss ("Moss") is a resident of the State of Missouri currently residing at 1522 S. Sieger, Springfield, Missouri 65804.

2.  Defendant Central United Life Insurance Company ("CUL") is, and at all times herein referenced was, an insurance company organized and existing under the laws of the State of Arkansas, registered to transact business in the State of Missouri and in good standing and transacting substantial business in the State of Missouri.

## JURISDICTION AND VENUE

3.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332 (2005) because:

    a.  This is a civil action filed pursuant to Fed.R.Civ.P 23 brought by one or more representative persons as a class action;

1

b. The amount in controversy of all class members in the aggregate is believed to exceed the sum or value of $5,000,000.00, exclusive of interest and costs;

c. The Plaintiff, and certain members of the putative class, are citizens of Missouri, which is not the State of the Defendant's domicile;

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391 because the Defendant resides in this District and/or the Defendant is subject to personal jurisdiction in this District.

5. Intra-District, or Divisional, venue is proper in the Central Division because the Defendant is available for service of process, and has residence in, Jefferson City, Missouri located in the Central Division of this Court.

## FACTUAL ALLEGATIONS AS TO ALL CLAIMS

6. This class action arises from the Defendant's continuing breach of thousands of insurance policy riders sold to Plaintiff and other individuals ("Policyholders") under the product name "Persistency Bonus and Withdrawal Benefit Rider" (hereinafter referred to as the "Rider").

7. The Riders were first developed and sold to Policyholders by Commonwealth National Life Insurance Company ("Commonwealth"), a Mississippi insurance company that dissolved in 2003.

8. On October 1, 1997, Defendant purchased all insurance policies, including the Riders, from Commonwealth pursuant to a reinsurance and assumption agreement, including but not limited to all debts, obligations and administrative services of Commonwealth pursuant to the Riders. Consequently, CUL is a successor-in-interest of Commonwealth with respect to the Riders and assumes all liabilities of Commonwealth under the Riders. Thus, hereinafter the

2

actions of Commonwealth with respect to the Riders are treated and referred to collectively with the actions of Defendant.

9. The Riders were generally offered to Policyholders whenever Policyholders purchased a cancer benefit health insurance policy from Defendant.

10. The Riders were drafted and prepared by Commonwealth and assumed thereafter by its successor-in-interest, the Defendant.

11. Policyholders who elected to purchase a Rider from Defendant were obligated to pay an additional monthly premium(s) for the Rider, separate and apart from any premium paid for the underlying cancer policy.

12. The premium amount of the Riders was determined at the inception of each Rider and thereafter readjusted by Defendant.

13. In exchange for such additional premiums, Policyholders that elected to purchase a Rider were entitled to two potential benefits: (1) a Persistency Bonus ("Bonus"), or (2) early Withdrawal Benefits.

14. Specifically, the Riders state, in pertinent part:

PERSISTENCY BONUS AND WITHDRAWAL BENEFITS

. . . After the policy has been continuously in force on the life of such person for twenty (20) years, we will pay a one time Persistency Bonus Benefit. The value of the benefit will be 100% of the premiums paid on an annual basis less any claims paid. We will pay a Withdrawal Benefit: (a) if the named insured surrenders this policy after the sixth policy year but before the end of the 20th policy year; or (b) when we receive due proof that the named insured died prior to the payment of the Persistency Bonus Benefit; whichever is first to occur. *The Withdrawal Benefit will be an amount equal to the Cash Value as of the date of surrender or death, less any claims paid. The Cash Value accumulation to the end of each policy year, without regard to any claim payments, is shown in the Persistency Bonus and Withdrawal Cash Value Table below. . .* [emphasis added].

CASH VALUES

3

The Cash Value shown in the Table below (at the end of any policy year) is determined on a five year preliminary term basis *with an **interest** only accumulation at the rate of 5% a year compounded annually.* [emphasis added].

PERSISTENCY BONUS AND WITHDRAWAL CASH VALUE TABLES

This Table is based on each $1.00 of premium, on an annual basis. The values are applicable only at the ends of the policy years shown. *During any policy year the amount of Cash Value will be calculated with due allowance for **interest** at 5% and payment of any fractional premiums.* [emphasis added]. The amount of the Cash Value derived from the following Table will be reduced by the amount of any claims paid prior to the date of an event which results in any payment under this provision.

| Policy Year End | Cash Value | Policy Year End | Cash Value |
|---|---|---|---|
| 1 | $0 | 11 | $6.31 |
| 2 | 0 | 12 | 7.55 |
| 3 | 0 | 13 | 8.86 |
| 4 | 0 | 14 | 10.22 |
| 5 | 0 | 15 | 11.66 |
| 6 | .93 | 16 | 13.17 |
| 7 | 1.91 | 17 | 14.76 |
| 8 | 2.93 | 18 | 16.42 |
| 9 | 4.00 | 19 | 18.17 |
| 10 | 5.13 | 20 | 20.00 |

15. With respect to the Bonus feature of the Rider, the language of the Rider and its natural and reasonable interpretation is that the premiums paid by a Policyholder will be returned pursuant to the terms of the "Persistency Bonus and Withdrawal Cash Value Table" ("Table") on page two (2) of the Rider after the expiration of twenty (20) years.

16. Furthermore, according to the specific terms of the Rider, the Bonus earns interest at a guaranteed interest rate of no less than 5% compounded annually after a five (5) year preliminary term basis.

17. Thus, pursuant to the terms of the Rider, if a Policyholder maintains the underlying insurance policy (and Rider) continuously in force for the twenty (20) year term, the

Policyholder is entitled to a one-time Bonus equivalent to the specific cash value amount as determined by the terms of the Table, including accrued interest.

18. According to the plain and unambiguous terms of the Rider, the Table "is based on each $1.00 of premium, on an annual basis."

19. Thus, according to the Table, a Policyholder who earns a Bonus will receive twenty dollars ($20.00) for every one dollar ($1.00) of premium paid.

20. With respect to the Withdrawal Benefits feature of the Rider, the language of the Rider, and its natural and reasonable interpretation, mandates that if the Policyholder surrenders the underlying insurance policy after the sixth (6) year and prior to the twentieth (20) year, Defendant will pay a Withdrawal Benefit as determined by the Table.

21. According to the plain and unambiguous terms of the Rider, the Table "is based on each $1.00 of premium, on an annual basis."

22. Thus, according to the Table, a Policyholder who earns a Withdrawal Benefit in year seventeen (17), for example, will receive fourteen dollars and seventy-six cents ($14.76) for every one dollar ($1.00) of premium paid.

23. On or about October 5, 1991, Plaintiff Mary Moss and her husband purchased a cancer benefit insurance policy and a Rider from the Defendant (a true and accurate copy of which is attached hereto as Exhibit "A" and is incorporated herein by reference).

24. Upon information and belief, the policy and Rider sold to Plaintiff is identical to the policies and Riders sold to each of the members of the putative class (i.e., the Policyholders).

25. Under the terms of the Rider, Defendant's options for increasing profit were limited to: 1) increasing premiums; or 2) obtaining early cancellation/lapse of the underlying

Policies and Riders, and 3) refusing to pay Policyholders the full benefits due and owing for Bonuses and Withdrawal Benefits.

26. Over the years, Plaintiff's premium for the policy and Rider increased exponentially, and it is believed that other Policyholders experienced similar dramatic increases in premium payments.

27. In addition, policyholders received several form-notices ("Notices") from Defendant which solicit cancellation of the underlying policy and Rider by completing and returning the generic form-notice. Upon information and belief, Plaintiff alleges that members of the class received the same Notices described above.

28. Defendant's Notice misstates the terms and language of the Rider, and under-calculate the Bonus and Withdrawal Benefits available to Policyholders.

29. Defendant's Notices state that "premiums cannot be returned with interest", and inform Policyholders that, referring to the Bonus and Withdrawal Benefits, "YOU DO NOT RECEIVE INTEREST ON THIS BALANCE".

30. Upon information and belief, Defendant has refused to pay Policyholders, like Plaintiff, the full amount due and owing for Bonuses and Withdrawal Benefits pursuant to the Rider.

31. Upon information and belief, Defendant will continue to pay Policyholders less than the full amount due and owing for Bonuses and Withdrawal Benefits pursuant to the Rider.

**MULTI-STATE CLASS ALLEGATIONS**

32. Unless otherwise specifically stated herein, and pursuant to Fed.R.Civ.P. 23, this action is instituted by the Plaintiff on behalf of herself and all past and present Policyholders,

who purchased a Persistency Bonus and Withdrawal Benefit Rider from Defendant or Commonwealth National Life Insurance Company.

33. The class referenced above includes thousands of members residing throughout the United States, and therefore the class is so numerous that joinder of all members of the class would be impractical.

34. The claim for relief asserted herein, on behalf of the Plaintiff and the putative class members, present questions of law and fact common to the class, including:

    a. Whether Defendant breached the terms of the Rider by paying less than the full amount due and owing to Policyholders for Bonuses;

    b. Whether Defendant breached the terms of the Rider by paying less than the full amount due and owing to Policyholders for Withdrawal Benefits;

    c. Whether Defendant breached its duty of good faith and fair dealing by paying less than the full amount due and owing to Policyholders for Bonuses pursuant to the Rider;

    d. Whether Defendant breached its duty of good faith and fair dealing by paying less than the full amount due and owing to Policyholders for Withdrawal Benefits pursuant to the Rider;

    e. Whether Defendant breached its duty of good faith and fair dealing by misrepresenting the benefits payable for Bonuses pursuant to the Rider;

    f. Whether Defendant breached its duty of good faith and fair dealing by increasing Policy premiums in order to increase the lapse rate of Policies, thereby avoiding its obligations for payment of the Withdrawal Benefits and Persistency Bonus pursuant to the Rider;

g. Whether Defendant breached its duty of good faith and fair dealing by misrepresenting the benefits payable for Withdrawal Benefits pursuant to the Rider;

h. Whether Defendant has acted, or refused to act, on grounds that apply generally to the putative class;

i. Whether injunctive relief or corresponding declaratory relief is appropriate;

j. Whether Defendant's conduct was intentional and willful.

35. The claims of the named representative Plaintiff are typical of the claims of the putative class in that:

a. The Plaintiff and the putative class members entered into the exact same standard, written form Rider, which contained the exact same terms and conditions, which were prepared solely by the Defendant;

b. Defendant has acted uniformly to all Policyholders, including Plaintiff, in the payment of amounts owing under the Rider, and administration of the Rider; and

c. Based on these common facts, the putative class members have the same claims as those asserted by Plaintiff in this case.

36. The Plaintiff, as the representative Plaintiff for the putative class, will fairly and adequately protect the interests of the putative class because:

a. The Plaintiff is knowledgeable regarding the facts and circumstances that give rise to her claims, and the claims of the putative class members;

b. The Plaintiff is strongly interested and highly motivated to assert and protect her own rights and the rights of the putative class in a vigorous fashion; and

c. The Plaintiff has retained as class counsel two law firms with substantial experience and expertise in class actions, commercial litigation and business litigation and which have the necessary and requisite resources. These law firms will also vigorously assert and protect the interests of the putative class members.

37. The questions of law and/or fact common to the Plaintiff and the putative class members predominate over any questions affecting only individual members of the class, and a class action, as asserted herein, is superior to other available methods for the fair and efficient adjudication of this controversy, in that, among other elements:

a. The interests of the Plaintiff and the interests of individual class members in controlling the prosecution of separate actions are outweighed by the advantages of adjudicating the common issues of fact and law by means of a class action; individual actions would not be practical considering the anticipated cost of litigating in federal court against a large insurance company in comparison to the relatively modest amount of each individual class member's claim;

b. Upon information and belief, there are no pending, certified class actions concerning the controversy at issue initiated on behalf of the putative class members;

  c.  Concentrating litigation of these claims in this forum is desirable because it will prevent and avoid a duplication of effort and the possibility of inconsistent results, and this forum represents an appropriate forum to settle the controversy based on the locations of the Plaintiff, the Defendant, the putative class members, the fact that the Defendant does substantial business in this jurisdiction, and the availability of witnesses and evidence; and

  d.  Any difficulties that may be encountered in management of the class are greatly outweighed by the difficulties of handling multiple actions by individual class members; this class action is a superior method because it furthers judicial economy and efficiency and is in the best interests of the Plaintiff and the putative class members.

38. Upon information and belief, there is no unmanageable variance in the laws of the different States involved in this litigation that prevent application of simple contract law to the claims of the putative class, and there is no variance in State laws that render the claims of the class members "uncommon" or "atypical" for purposes of Fed.R.Civ.P. 23.

39. In addition, Defendant has acted, or refused to act, on grounds that apply generally to the putative class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## MISSOURI SUB-CLASS ALLEGATIONS

40. Unless otherwise specifically stated herein, and pursuant to Fed.R.Civ.P. 23, this action is instituted by the Plaintiff on behalf of herself and all past and present Policyholders

residing in the State of Missouri, who purchased a Persistency Bonus and Withdrawal Benefit Rider from Defendant or Commonwealth National Life Insurance Company.

41. The subclass referenced above includes thousands of members residing throughout the State of Missouri, and therefore the subclass is so numerous that joinder of all members of the class would be impractical.

42. The claim for relief asserted herein, on behalf of the Plaintiff and the putative subclass members, present questions of law and fact common to the class, including:

    a. Whether Defendant breached the terms of the Rider by paying less than the full amount due and owing to Policyholders for Bonuses;

    b. Whether Defendant breached the terms of the Rider by paying less than the full amount due and owing to Policyholders for Withdrawal Benefits;

    c. Whether Defendant breached its duty of good faith and fair dealing by paying less than the full amount due and owing to Policyholders for Bonuses pursuant to the Rider;

    d. Whether Defendant breached its duty of good faith and fair dealing by paying less than the full amount due and owing to Policyholders for Withdrawal Benefits pursuant to the Rider;

    e. Whether Defendant breached its duty of good faith and fair dealing by misrepresenting the benefits payable for Bonuses pursuant to the Rider;

    f. Whether Defendant breached its duty of good faith and fair dealing by increasing Policy premiums in order to increase the lapse rate of Policies, thereby avoiding its obligations for payment of the Withdrawal Benefits and Persistency Bonus pursuant to the Rider;

g. Whether Defendant breached its duty of good faith and fair dealing by misrepresenting the benefits payable for Withdrawal Benefits pursuant to the Rider;

h. Whether Defendant has acted, or refused to act, on grounds that apply generally to the putative subclass;

i. Whether injunctive relief or corresponding declaratory relief is appropriate;

j. Whether Defendant's conduct was intentional and willful.

43. The claims of the named representative Plaintiff are typical of the claims of the putative subclass in that:

a. The Plaintiff and the putative subclass members entered into the exact same standard, written form Rider, which contained the exact same terms and conditions, which were prepared solely by the Defendant;

b. Defendant has acted uniformly to all Policyholders, including Plaintiff, in the payment of amounts owing under the Rider, and administration of the Rider; and

c. Based on these common facts, the putative subclass members have the same claims as those asserted by Plaintiff in this case.

44. The Plaintiff, as the representative Plaintiff for the putative subclass, will fairly and adequately protect the interests of the putative subclass because:

a. The Plaintiff is knowledgeable regarding the facts and circumstances that give rise to her claims, and the claims of the putative subclass members;

b. The Plaintiff is strongly interested and highly motivated to assert and protect her own rights and the rights of the putative subclass in a vigorous fashion; and

c. The Plaintiff has retained as class counsel two law firms with substantial experience and expertise in class actions, commercial litigation and business litigation and which have the necessary and requisite resources. These law firms will also vigorously assert and protect the interests of the putative subclass members.

45. The questions of law and/or fact common to the Plaintiff and the putative subclass members predominate over any questions affecting only individual members of the subclass, and a class action, as asserted herein, is superior to other available methods for the fair and efficient adjudication of this controversy, in that, among other elements:

a. The interests of the Plaintiff and the interests of individual subclass members in controlling the prosecution of separate actions are outweighed by the advantages of adjudicating the common issues of fact and law by means of a class action; individual actions would not be practical considering the anticipated cost of litigating in federal court against a large insurance company in comparison to the relatively modest amount of each individual class member's claim;

b. Upon information and belief, there are no pending, certified class actions concerning the controversy at issue initiated on behalf of the putative class members;

  c.  Concentrating litigation of these claims in this forum is desirable because it will prevent and avoid a duplication of effort and the possibility of inconsistent results, and this forum represents an appropriate forum to settle the controversy based on the locations of the Plaintiff, the Defendant, the putative subclass members, the fact that the Defendant does substantial business in this jurisdiction, and the availability of witnesses and evidence; and

  d.  Any difficulties that may be encountered in management of the class are greatly outweighed by the difficulties of handling multiple actions by individual class members; this class action is a superior method because it furthers judicial economy and efficiency and is in the best interests of the Plaintiff and the putative class members.

46. In addition, Defendant has acted, or refused to act, on grounds that apply generally to the putative subclass so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## COUNT I
## DECLARATORY JUDGMENT

  COMES NOW Plaintiff Mary Moss and for Count I of this Complaint, states and alleges as follows:

47. To the extent they are not inconsistent, Plaintiff incorporates by reference the allegations set forth above in this Complaint as if more fully set forth herein.

48. This claim is brought by the Plaintiff on behalf of herself and all past and present Policyholders, who purchased a Persistency Bonus and Withdrawal Benefit Rider from Defendant or Commonwealth National Life Insurance Company.

49. In addition, and as an alternative, to the relief sought herein, Plaintiff seeks a declaration from the Court regarding the rights, obligations and duties of the Policyholders and Defendant pursuant to the terms of the Rider.

50. Specifically, Plaintiff requests that the Court declare as follows:

　　a. For all Policyholders entitled to a Bonus under the terms of the Rider, Defendant is obligated to pay Policyholders the sum of twenty dollars ($20) for every dollar of premiums paid;

　　b. For all Policyholders entitled to a Withdrawal Benefit under the terms of the Rider, Defendant is obligated to pay Policyholders the sum specifically set forth in the Persistency Bonus and Withdrawal Cash Value Table in the particular Policyholder's particular policy year, for every dollar of premiums paid;

　　c. For all Policyholders who have previously received a Bonus or Withdrawal Benefit from Defendant pursuant to a Rider, Defendant is obligated to provide such Policyholders with the amount such Policyholders should have received in accordance with subparagraphs (a) and (b) above, including interest at the statutory rate from the day such Policyholders were paid by Defendant to the date upon which Defendant provides the additional amounts described in this subparagraph.

　　d. Defendant's failure to provide Bonuses and Withdrawal Benefits in the manner contemplated by subparagraphs (a) and (b) above was, and is, unlawful, a breach of the Rider and a breach of Defendant's duty of good faith and fair dealing.

# COUNT II
# BREACH OF CONTRACT

COMES NOW Plaintiff Mary Moss and for Count II of this Complaint, states and alleges as follows:

51. To the extent they are not inconsistent, Plaintiff incorporates by reference the allegations set forth above in this Complaint as if more fully set forth herein.

52. This claim is brought by the Plaintiff on behalf of herself and all past and present Policyholders, who purchased a Persistency Bonus and Withdrawal Benefit Rider from Defendant or Commonwealth National Life Insurance Company.

53. Defendant agreed to abide by the terms of the Rider, and pay Policyholders all amounts due and owing for Bonuses and Withdrawal Benefits pursuant to the Rider.

54. The Plaintiff and members of the class agreed to make premium payments to the Defendant pursuant to the terms of the underlying policies and Rider, in exchange for the Bonus and Withdrawal Benefit promised by the Rider.

55. The Plaintiff and the class members have fully performed their obligations under the Rider.

56. Defendant has failed to perform and materially breached the Riders in numerous respects, including but not limited to:

    a. by paying less than the full amount due and owing to Policyholders for Bonuses;

    b. by paying less than the full amount due and owing to Policyholders for Withdrawal Benefits;

57. As a direct and proximate result of the Defendant's breach of the Riders, the Plaintiff, Policyholders and the putative class have suffered pecuniary damages, damages under

the Riders, plus interest, and other economic, non-economic, general, special, incidental and consequential damages, for a total amount currently unknown but which will be shown at the time of trial.

**WHEREFORE,** Plaintiff Mary Moss, on behalf of herself and all other class members, respectfully request this Court to enter judgment in favor of the Plaintiff and the putative class members and against Defendant Central United Life Insurance Company, and award the Plaintiff and the class members their actual damages in an amount to be determined at trial, with prejudgment and post judgment interest at the statutory rate, as well as their attorneys' fees and costs, and for such other and further relief as the Court deems appropriate.

## COUNT III
## BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

COMES NOW Plaintiff and for Count III of this Complaint against Defendant, state and allege as follows:

58. To the extent they are not inconsistent, the Plaintiff incorporates by reference the allegations set forth above in this Complaint as if more fully set forth herein.

59. This claim is brought by the Plaintiff on behalf of herself and all past and present Policyholders, who purchased a Persistency Bonus and Withdrawal Benefit Rider from Defendant or Commonwealth National Life Insurance Company.

60. Defendant had a duty to exercise, and act in, good faith and fair dealing in the performance of the Rider.

61. Defendant agreed to abide by the terms of the Rider and pay Policyholders all amounts due and owing for Bonuses and Withdrawal Benefits pursuant to the Rider, and otherwise comply with its duty of good faith and fair dealing inherent in the Rider.

62. The Plaintiff and members of the class agreed to make premium payments to the Defendant pursuant to the terms of the underlying policies and Rider, in exchange for the Bonus and Withdrawal Benefit promised by the Rider.

63. The Plaintiff and the class members have fully performed their obligations under the Rider.

64. Defendant breached its implied duty of good faith and fair dealing in the performance of the Rider in certain particulars, including but not limited to:

    a. by paying less than the full amount due and owing to Policyholders for Bonuses pursuant to the Rider;

    b. by paying less than the full amount due and owing to Policyholders for Withdrawal Benefits pursuant to the Rider;

    c. by increasing Policy premiums in order to increase the lapse rate of Policies, thereby avoiding its obligations for payment of the Withdrawal Benefits and Persistency Bonus pursuant to the Rider;

    d. by misrepresenting the benefits payable for Bonuses pursuant to the Rider;

    e. by misrepresenting the benefits payable for Withdrawal Benefits pursuant to the Rider;

65. As a direct and proximate result of the Defendant's breach of the Riders, the Plaintiff, Policyholders and the putative class have suffered pecuniary damages, damages under the Riders, plus interest, and other economic, non-economic, general, special, incidental and consequential damages, for a total amount currently unknown but which will be shown at the time of trial.

**WHEREFORE,** Plaintiff Mary Moss, on behalf of herself and all other class members, respectfully request this Court to enter judgment in favor of the Plaintiff and the putative class members and against Defendant Central United Life Insurance Company, and award the Plaintiff and the class members their actual damages in an amount to be determined at trial, with prejudgment and post judgment interest at the statutory rate, as well as their attorneys' fees and costs, and for such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues stated herein.

Respectfully Submitted,

| | |
|---|---|
| Michael K. Cully | MO 26794 |
| Angela K. Drake | MO 35237 |

LOWTHER JOHNSON
901 St. Louis, 20th Floor
Springfield, Missouri 65806
(417) 866-7777 – Telephone
(417) 866-1752 – Facsimile
mcully@lowtherjohnson.com
adrake@lowtherjohnson.com


  */s/ Joseph A. Kronawitter*
| | |
|---|---|
| Robert A. Horn | MO 28176 |
| Joseph A. Kronawitter | MO 49280 |

HORN AYLWARD & BANDY, LLC
2600 Grand Blvd, Suite 1100
Kansas City, MO 64108
(816) 421-0700 – Telephone
(816) 421-0899– Facsimile
rhorn@hab-law.com
jkronawitter@hab-law.com

Attorneys for Plaintiff